UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT CHARLES PISCITELLO,

      Plaintiff,

  v.                                        16-CV-872
                                              DECISION AND ORDER

ANDREW SAUL,
Commissioner of the Social Security
Administration,

      Defendant.
_____

      The plaintiff, Robert Charles Piscitello, is a prevailing party in this social security benefits action. His counsel has moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A). Docket Item 27. The defendant does not oppose the motion. Docket Item 29.

      Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

      Piscitello's counsel seeks $21,630 in fees, which is 11.78% of the past-due benefits that Piscitello was awarded. Docket Item 27-1 at 4. The requested fees are less than the amount agreed upon in the contingent-fee agreement, which provided for attorney's fees in the amount of 25% of any recovery. *Id.*

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Moreover, there is no indication that this fee is a windfall.[1]  *Id.*  The $21,630 fee request is therefore granted under 42 U.S.C. § 406(b)(1)(A).

By stipulation approved and ordered on August 20, 2018, this Court previously awarded Piscitello's counsel $5,450 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docket Items 25 and 26. Because the fees granted above exceed the EAJA fees, Piscitello's counsel must refund the EAJA fees to him. *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

---

[1] While the fee here constitutes an hourly rate of $700, Docket Item 27-2 at 1—high by Western New York standards—the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here.  *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement").

## **ORDER**

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $21,630, Docket Item 27, is GRANTED; and it is further

ORDERED that Piscitello's counsel shall refund the $5,450 in EAJA fees to Piscitello within 14 days of the entry date of this decision and order.

SO ORDERED.

Dated:   July 13, 2020
         Buffalo, New York

                              */s/ Lawrence J. Vilardo*
                              LAWRENCE J. VILARDO
                              UNITED STATES DISTRICT JUDGE